IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANTHONY L. WILLETTE                                                                  PLAINTIFF

v.                              NO. 4:08CV00602 WRW/BD

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                              DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

I.   **Procedure for Filing Objections:**

This recommended disposition has been submitted to United States District Judge William R. Wilson, Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

II.  **Recommended Disposition:**

Plaintiff, Anthony L. Willette, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by open heart surgery, diabetes, and high blood pressure. (Tr. 70) The Commissioner found that he was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] ("ALJ") concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through March 21, 2008, the date of his decision. (Tr. 21)

---

[1] The Honorable Mark S. Anderson.

On July 2, 2008, the Appeals Council received and considered additional evidence and denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision. (Tr. 4-6) Plaintiff filed his complaint initiating this appeal (docket entry #2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 43 years old at the time of the hearing. (Tr. 362) He completed the eleventh grade in school. (Tr. 75, 362) He has past relevant work as a banquet setup person, dishwasher, janitor, delivery man, and corrugator machine operator. (Tr. 85-92, 363-65)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2007). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c). Step 3 involves a determination of whether the severe impairment, or combination, meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is used at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 14) He found that Plaintiff had "severe" impairments, coronary artery disease, diabetes mellitus and hypertension, but that he did not have an impairment or combination of impairments that met or equaled a Listing. (Tr. 14-15) He judged that Plaintiff's allegations regarding his limitations were not entirely credible. (Tr. 16)

The ALJ found that Plaintiff retained the residual functional capacity for a full range of light work. (Tr. 15) He found, therefore, that Plaintiff was capable of performing his past relevant work as a banquet worker. (Tr. 20) As an alternative finding, he applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 202.18, Table No. 2, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled. *Id.* Consequently, the ALJ concluded that Plaintiff was not disabled. (Tr. 21)

Plaintiff argues that the ALJ's decision that he retained the residual functional capacity to perform his past relevant work as a banquet setup person is not supported by

substantial evidence. (Br. 6-9) The vocational expert testified that the closest match in the *Dictionary of Occupational Titles* for banquet setup person was dining room setup attendant, 311.677-018, which was unskilled light work. (Tr. 381) Plaintiff points out, correctly, that the *Dictionary of Occupational Titles* rates that job as requiring medium strength. (Br. 7, DICTIONARY OF OCCUPATIONAL TITLES 242 (4th ed. rev. 1991). Thus, the record does not support the ALJ's decision that Plaintiff could return to his past relevant work as a banquet set up person. The error, however, is harmless.

The ALJ made an alternative finding, that Rule 202.18 of the Medical-Vocational Guidelines directed a finding that Plaintiff was not disabled. (Tr. 20) Plaintiff does not challenge that Step 5 finding. Substantial evidence supports the ALJ's decision that Plaintiff was not disabled.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g.*, *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; see also *Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

For these reasons, the Court hereby recommends that the District Court affirm the final determination of the Commissioner and dismiss Plaintiff's complaint with prejudice.

DATED this 4th day of June, 2009.

                                                            /s/ Beth Deere
                                         UNITED STATES MAGISTRATE JUDGE